No. 376

SOYCO MILLS CO. et v. WOLF CO.

No. 19680. Supreme Court

On motion to certify. Dock. Mar. 10, 1926; 4 Abs. 192.

CONDITIONAL SALES—Must 8568 GC. be strictly complied with in order to fully protect a conditional vendor against the claim of a purchaser of the subject property from the conditional vendee?

The basis of this action is a conditional sales contract. The testimony shows that on December 5th, 1922, the Wolf Co. sold to the Soyco Mills a certain lot of machinery for the sum of $4,190.80 and at that time a conditional sales contract was entered into by the Wolf Co. and the Soyco Mills, whereby the title to the machinery was to remain in the Wolf Co. until the conditions and terms of payment had been complied with by the Soyco Mills; that said machinery was delivered as per contract to the Soyco Mills, with the exception that previous to said delivery of the machinery the Soyco Mills with consent of the Wolf Co. cancelled part of said contract, one item in the sum of $363 and one item of $1,800 leaving the amount of indebtedness of the Soyco Mills to the Wolf Company.

Later the Underwriters Syndicate purchased the Mills Co. and the said Soyco Mills included in said sale the property purchased of the Wolf Co. The Soyco Mills delivered to the Syndicate, a list of all the creditors and the amounts owing by the said Soyco Mills; and the plaintiffs in error complied with the bulk sales law by notifying all creditors of the sale of the Soyco Mills, ten days before delivery and possession was taken of the intended purchase of the Syndicate; that afterward on May 7th, 1923, and after receiving the notice sent out by the plaintiffs in error, the defendant in error filed a copy of said conditional sales contract with the recorder of Darke County.

After the sale of the property to the Underwriters Syndicate, the Wolf Co. commenced proceeding of replevin in the Darke Common Pleas. A redelivery bond was executed by the plaintiffs in error, and the property returned to them; and during the time the said property was destroyed by fire. The testimony shows that the amount of the claim of the defendant in error amounted to $2,000.00 and they were allowed the additional $500.00 as damages. It further shows that at the time the said conditional sales contract was filed with the County Recorder, the said defendant in error had full knowledge of the amount of their claim. The judgment of the Common Pleas was affirmed by the Court of Appeals.

The Corporation Underwriters, in the Supreme Court, contend that it was the owner of the property by purchase from the Soyco Mills Co. and that The Wolf Co. had no right, title or interest in said property and that their only recourse would have been an action against the Soyco Mills for the amount of the purchase price.

Attorneys—George W. Porter, Greenville, for Pltfs.; J. F. Maker and L. E. Kerlin, Greenville for Wolf. Co.